1  Russell Brown
2  CHAPTER 13 TRUSTEE
   Suite 800
3  3838 North Central Avenue
   Phoenix, Arizona 85012-1965
4  602.277.8996
   Fax 602.253.8346
5

6              IN THE UNITED STATES BANKRUPTCY COURT

7                 FOR THE DISTRICT OF ARIZONA

8
   In re                              | In Proceedings Under Chapter 13
9
10 PATRICK CARNELL NELSON, JR.,       | Case No. 2-13-bk-04685 EPB

11                          Debtor.    | **TRUSTEE'S RECOMMENDATION**

12                                     | (1/15/14)

13     The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

14
       Subject to the resolution of the following issues, the Plan will meet Code requirements and
15
16 the Trustee will recommend confirmation:

17     (1)  The proposed Plan is underfunded by approximately $68,790.25 due to underestimated

18 priority debt.  Additional plan yield is required.

19     (2)  Bank of America, N.A. has filed an objection to the Plan.  The attorney for the Debtor
20
21 must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the

   appropriate motion to get the Court to hold a hearing on the objection.  If resolution of the objection
22
23 changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any

24 proposed order confirming the Plan.  If a motion is filed to get a hearing before the Court, the time

25 to submit a proposed Order confirming the Plan to the Trustee is extended.

26     (3) The proof of claim filed by the Arizona Department of Revenue indicates that the Debtor
27
28 has not filed his 2009 income tax returns.  The Trustee requires that the Debtor immediately prepare

and file the past due returns and provide a date stamped copy to our office. The Trustee cannot determine the total funding requirement until an amended proof of claim is filed.

(4) The proof of claim filed by the Internal Revenue Service indicates that the Debtor has not filed his 2007 and 2010 - 2012 income tax returns. The Trustee requires that the Debtor immediately prepare and file the past due returns and provide a date stamped copy to our office. The Trustee cannot determine the total funding requirement until an amended proof of claim is filed.

(5) The proofs of claim filed by Sarah Ann Ranch Homeowners Association, Arizona Department of Economic Security (claims #7 - 11) and Marquita Mauldin (claim #13) differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Debtor must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor: (a) file an objection to the claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan or (c) notify the Trustee **in writing** that the order confirming Plan will provide for payment pursuant to the proof of claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim are timely filed by the Debtor, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(6) On September 26, 2013, Court entered an Order Terminating the Automatic Stay with respect to the 2006 Chevrolet Silverado. The Trustee notes that JPMorgan Chase Bank, N.A. was paid a total of $863.87 in adequate protection payments and no further payments will be made through the Plan. The adequate protection payments must be accounted for in the Order confirming.

- 2 -

(7) The Trustee notes that Attorney lists payment of $1,000.00 retainer and $3,500.00 through the Debtor's case. The Trustee questions the feasability of this case from the outset based on outstanding Domestic Support Obligations and conditionally objects to any order seeking fees in the event of dismissal of this case. The Trustee requests that Debtor's counsel file a separate fee application for the Trustee's review prior to any uploaded Order for fees.

(8) Debtor has a domestic support obligation. Pursuant to 11 U.S.C. § 1325(a)(8), the order confirming plan must state: "The debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition." Moreover, **with the proposed order confirming plan, the Trustee requires that the Debtor provide verification of being current in post-petition DSO payments.**

(9) **Plan payment status:** The Debtor is currently $842.00 in default with an additional payment of $825.00 coming due 12/26/13. The Debtor must remit a total of $1,667.00 no later than 1/15/14.

(10) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

Case 2:13-bk-04685-EPB    Doc 48    Filed 12/16/13    Entered 12/16/13 16:49:44    Desc
Page 3 of 5

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph.  If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2013 - 2015 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

- 4 -

1       SUMMARY: Pursuant to Local Rule 2084-10, by 1/15/14 Debtor is to resolve all of the

2 above issues and provide the Trustee with a proposed order confirming plan that meets the above

3 requirements, or the Trustee could lodge a dismissal order.

4

5

6 Copy mailed or emailed to:

7 PATRICK CARNELL NELSON, JR.
17754 W. BLOOMFIELD RD.
8 SURPRISE, AZ 85388
Debtor
9

10 MARTIN J. BERKLEY
4700 S. MILL AVENUE, STE. 1
11 TEMPE, AZ 85282
Attorney for Debtor
12

13

14

15

_____

16 *jmorales@ch13bk.com*

17

18

19

20

21

22

23

24

25

26

27

28